IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Zuhayra Rasheed Bey, ex rel. Katrina Barnhill, | Case No. 3:11 CV 2604 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| United North Corporation, | |
| Defendant. | |

### INTRODUCTION

Before this Court is *pro se* Plaintiff Zuhayra Rasheed Bey's (aka Katrina Barnhill) Complaint against United North Corporation ("United North") (Doc. No. 1). For the following reasons Plaintiff's Complaint is dismissed. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). That Motion is granted.

Plaintiff's Complaint is very brief. She alleges United North violated her due process rights when it started eviction proceedings against her in October 2011 (Doc. No. 1 at 1–2).[1] She claims "many companies [including United North] have pretended to own property that they did not own, fraudulently collecting funds that they were not entitled to . . . ." (Doc. No. 1 at 2). Specifically, Plaintiff contends she is the "indigenous aboriginal possessor" of the land and that United North cannot prove its ownership. She requests this Court order United North to provide proof of ownership of the property or, in the alternative, pay her $50,000 for emotional damages.

---

[1] Toledo Municipal Court records show the eviction was filed against Plaintiff by United North for nonpayment of rent. *See United North Corp. v. Barnhill*, No. CVG-11-17885 (Toledo Mun. Ct. filed Oct. 12, 2011). A judgment against Plaintiff was entered on November 8, 2011. Toledo Municipal Court records can be viewed at: http://www.tmc-clerk.com/case/default.asp.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing the complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## ANALYSIS

Plaintiff is barred from litigating any claim, issue or defense pertaining to the eviction. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). This Court must therefore look to Ohio law to determine the preclusive effect of the previous state court judgment. *Id.*

In Ohio, the doctrine of *res judicata* includes two related concepts: claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392 (2008). Claim preclusion prevents a party from asserting a new claim already resolved in a previous action involving the same parties. *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392 (1998). It also applies where a claim or defense was not raised but could have been litigated in the previous suit. *Grava v. Parkman Twp*, 73 Ohio St.3d 379, 382 (1995). Issue preclusion serves to prevent relitigation of any fact or point determined by a court of competent jurisdiction in a previous action between the same parties. *Fort Frye*, 81 Ohio St.3d at 395. Issue preclusion applies even if the causes of action differ. *Id*.

Here, Ohio law on issue and claim preclusion bar Plaintiff's due process claim. She contends Defendant did not sufficiently prove ownership of the rental property and she should not have been evicted. The Toledo Municipal Court already determined the eviction was proper and the doctrine of issue preclusion bars litigation of that issue in this Court. Her claim that Defendant is not the true owner of the property could have and should have been raised in the state court as part of the eviction action. She cannot bring a separate action in this Court based on that defense. The Toledo Municipal Court issued a judgment in the eviction action and this Court gives full faith and credit to that decision.

3

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 10) is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

               s/ *Jack Zouhary*
               JACK ZOUHARY
               U. S. DISTRICT JUDGE

               February 28, 2012